IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DANIEL CEPEDA,

    Petitioner,               No. CIV S-04-1899 LKK JFM P

    vs.

BRAD ESPINOZA, Warden,

    Respondent.          ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On January 10, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  On February 7, 2008, plaintiff was granted until February 22, 2008 in which to file objections.[1]  That date has now passed and neither party has filed objections to the findings and recommendations.

---

[1] On January 30, 2008, plaintiff filed a document entitled "Objections to Findings and Recommendations," but that document was a request to vacate the findings and recommendations to allow plaintiff to file a late traverse.  (See February 7, 2008 Order at 1-2.)

1

The court has reviewed the Findings and Recommendations and declines to adopt them for two reasons, as explained below.

## I. Petitioner's Ineffective Assistance of Counsel Claim

In the magistrate judge's analysis of the petitioner's claim for ineffective assistance of counsel, the court is not confident that the magistrate judge properly stated the prejudice standard. An attorney's ineffective assistance is found to prejudice his client where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Reasonable probability is that which is "sufficient to undermine confidence in the outcome." Id.

In his analysis of the petitioner's claim that his trial counsel was ineffective for failing to object to the audio tape introduced as impeachment, the magistrate judge concluded that this did not constitute deficient performance and therefore fails on the first prong of Strickland. See Findings and Recommendations, January 1, 2008, at 25-27. The magistrate judge concluded that the petitioner's claim failed on the prejudice prong of Strickland, as well. However, in this analysis, the magistrate judge stated, "Petitioner cannot show that but for the admission of the audio tape, the outcome of the case would have been different." This misstates the Strickland prejudice standard, which is not outcome-determinative. See Strickland, 466 U.S. at 693 ("a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case"). Furthermore, the magistrate judge later invoked the prejudice standard for harmless error, see Findings and Recommendations, January 1, 2008, at 29 (citing Brecht v. Abrahamson, 507 U.S. 619 (1993)), which to this court's knowledge has not been applied to ineffective assistance of counsel claims. See, e.g, Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Fretwell, 506 U.S. 364 (1993).

Nonetheless, the court adopts the magistrate judge's recommendation that petitioner's ineffective assistance of counsel cause of action be denied, as the claim that trial counsel was ineffective by not objecting to introduction of the audio tape fails on the first prong of

Strickland.

## II. Petitioner's Claim That His Plea Was Not a Knowing and Voluntary Waiver of His Constitutional Rights

In his fifth claim, the petitioner alleges that his due process rights were violated by the trial judge coercing him to change his plea from "not guilty" to "no contest." As the magistrate judge stated, a plea of guilty or no lo contendre must be knowing and voluntary. See Brady v. United States, 397 U.S. 742, 746 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The court cannot agree with the magistrate judge's conclusion that the petitioner has not met his burden on this claim.

A criminal defendant has a constitutional right to a trial by jury and, by pleading guilty, he waives this and several other constitutional rights, including his right to confront his accusers and his privilege against self-incrimination. McCarthy v. United States, 394 U.S. 459, 466-67 (1969). Therefore, a guilty (or no contest) must be voluntary; one that is the result of coercion is constitutionally infirm. Brady, 397 U.S. at 750; Waley v. Johnson, 316 U.S. 101, 104 (1942).

A trial judge may not act in a way reasonably calculated to influence the defendant to enter a guilty plea. See Euziere v. United States, 249 F.2d 293, 295 (10th Cir. 1957); see also United States v. Bruce, 976 F.2d 552, 556 (9th Cir. 1992)(trial judge's involvement in plea negotiations may cause the defendant to believe he would not receive a fair trial or that he would receive a more severe sentence if found guilty after trial). The judge may not penalize the defendant -- or lead him to believe he will be penalized -- for exercising his constitutional rights; this offends the basic principles of due process to which every defendant is entitled. As one court has explained,

> [The defendant's] constitutional right to require the Government to proceed to a conclusion of the trial and to establish guilt by independent evidence should not be exercised under the shadow of a penalty - that if he persists in the assertion of his right and is found guilty, he faces, in view of the Trial Court's announced intention, a maximum sentence, and if he pleads guilty, there is the prospect of a substantially reduced term. To impose upon a defendant such alternatives amounts to coercion as a matter of law.

1   United States v. Tateo, 214 F. Supp. 560, 567 (S.D.N.Y. 1963); see also Longval v. Meachum,
2   693 F.2d 236, 237 (1st Cir. 1982)(grant of habeas relief was proper due to trial judge's coercion
3   of the defendant to enter a guilty plea; trial judge had stated to the defendant during trial, "I
4   strongly suggest that you . . . consider a plea, because, if the jury returns a verdict of guilty, I
5   might be disposed to impose a substantial prison sentence. You know that I am capable of doing
6   that because you know of the sentences in a previous trial."); Euzerie, 249 F.2d at 294-95(trial
7   court acted coercively by informing defendant, upon his plea of not guilty, that he would be
8   given the maximum sentence if he was found guilty at trial because he "had put the government
9   to the expense of a trial"); State v. Mata, 789 P.2d 1122, 1126 (1990)(trial judge
10  unconstitutionally coercive by threatening defendant with a more severe sentence if he was
11  found guilty by a jury than if he pled guilty); Commonwealth v. Carter, 733 N.E.2d 582, 584
12  (Mass. 2000)(same).

13  Similarly, the trial court may not encourage the defendant to plead guilty or promise him
14  a benefit for a guilty plea. See Luckman v. Burke, 299 F. Supp. 488 (E.D. Wis. 1969)(granting
15  habeas relief on the grounds that defendant's guilty plea was not voluntary, where the trial judge
16  promised a lesser sentence if the defendant pled guilty); United States ex rel. Elsnis v. Gilligan,
17  256 F. Supp. 244 (S.D.N.Y. 1966)(same); People v. Collins, 26 Cal. 4th 297, 309 (2001)(trial
18  judge violated defendant's constitutional rights by promising an unspecified benefit for
19  defendant's waiver of his right to a jury trial); Rogers v. State, 136 So.2d 331, 335 (Miss.
20  1962)(defendant's guilty plea not voluntary where trial judge encouraged the plea).

21  The voluntariness of a plea may be attacked on collateral review. United States v. Broce,
22  488 U.S. 563, 569 (1989). If a plea is shown to be involuntary, the petitioner need not make a
23  showing of prejudice, as the error is structural. Sullivan v. Louisiana, 508 U.S. 275, 281-82
24  (1993).

25  In the petitioner's case, there is sufficient evidence that the trial judge acted coercively to
26  cause this court to conclude that his fifth claim for relief should not be denied. As the magistrate

judge detailed, the trial judge made statements to the petitioner at the plea hearing that appear reasonably calculated to induce the petitioner's guilty plea. The trial judge first likened the petitioner's situation to having a root canal, advising that "it's always good to minimize you pain, if you can, and maximize your opportunities. What I found over and over again in this court, that cases are best resolved at this stage right here, and if it isn't resolved at this stage, it doesn't get better. It gets worse." Findings and Recommendations, January 10, 2008, at 37 (citing RT 2:485-87). The judge then explained to the petitioner that "at the end of the trial when I've heard a lot of details, especially from an 8- or 9-year-old victim, alleged victim . . . my view of the case changes." Id. On the other hand, the judge would be "impress[ed] favorably" if the petitioner pled guilty. Id.

The judge then described to the petitioner a case the judge had heard recently, where the defendant had declined a plea offer that would have resulted in a 90-day sentence. Id. Instead, the defendant was convicted at trial and was sent to prison with four strikes. Id. The judge concluded this anecdote by repeating to the defendant, "So I'm just telling you, if you want to resolve this case, this is the best time to do it." Id.

The judge then informed the petitioner that if the case proceeded to trial, he would be disinclined to accept the plea bargain offered because, as the case got closer to trial, the court and district attorney would have spent more resources on it. Id. at 38 (citing same).

After a colloquy, the petitioner entered a plea of no contest and confirmed that it was entered freely and voluntarily. Id. at 40 (citing RT 2:506).

The court cannot agree with the magistrate judge that these statements were not coercive. The statements appear reasonably calculated to induce the defendant to accept the plea bargain that was offered on that day and to enter a plea of no contest. The trial judge repeatedly informed the petitioner that he would be best served to "resolve the case" at that hearing, rather than to maintain his plea of not guilty. He advised and counseled the petitioner that accepting the plea offer was in the petitioner's best interest. Like the petitioner in Longeval, where the First Circuit

5

1  held that habeas relief was warranted due to the trial court's coercion, the trial judge in
2  petitioner's case invoked his own sentencing history to impress upon petitioner that petitioner's
3  sentence would be significant if he lost at trial. See Longeval, 693 F.2d at 237.

4  It is of no constitutional import that the trial judge did not threaten petitioner with the
5  maximum sentence if he was found guilty. The trial judge made statements to the petitioner that
6  placed the petitioner in the constitutionally untenable position of choosing between his right to a
7  jury trial -- and all the attendant rights -- and possibility of a more severe sentence upon the
8  exercise of that right. Whether one views this as a threat of a more severe punishment if the
9  petitioner pled not guilty or a promise of a benefit if he pled no contest, it was nonetheless
10 coercive.

**III. Conclusion**

For the reasons set forth above, the court DECLINES to adopt the magistrate judge's January 10, 2008 findings and recommendations and concludes that habeas should be granted.

The court notes that this grant of habeas only relates to the petitioner's conviction in case number 98F10893 (violation of California Penal Code § 288(a)), the sentence for which was imposed concurrent to that which was imposed for his conviction in case number 99F03098. His conviction and sentence for violation of California Penal Code § 288(a) are VACATED. If the state elects to initiate trial proceedings against petitioner for violation of Penal Code Section 288(a), those proceedings must be initiated within 60 days of the date of this order.

It is unclear to the court, however, whether the petitioner has completed his sentence in case number 99F03098.[2] If he has, the present order requires the court to also order petitioner's release from custody. The parties are ORDERED to inform the court within 10 days from the date of this order whether the petitioner has fully served his sentence for his conviction in case

////

---

[2] Whether the petitioner has "completed his sentence" includes time served in custody as well as on parole.

number 99F03098.  The parties' briefs on this issue shall be no more than five pages in length.

IT IS SO ORDERED.

DATED: March 14, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7