UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DANIEL CEPEDA,

        NO. CIV. S-04-1899 LKK/JFM HC

    Petitioner,

   v.

        O R D E R

STATE OF CALIFORNIA,

    Respondent.
_____/

On March 14, 2008, the court granted petitioner's petition for a writ of habeas corpus and subsequently ordered the release of the petitioner from custody unless a new charging document was filed within sixty days of the date of the order. Petitioner was apparently retried and pled guilty on June 30, 2008. See Petitioner's Mot. for Extraordinary Relief (Doc. No. 66) at 1. Petitioner now moves for extraordinary relief, asking this court to vacate his conviction on the grounds that his plea was obtained through several violations of his due process rights, including ineffective assistance of his counsel and coercion. The motion is denied, as the court is unable to grant the remedy that petitioner

1

seeks.

The court cannot construe petitioner's filing as a petition for a writ of habeas corpus, as it appears from petitioner's filing that he was discharged from parole on May 11, 2008 and filed the instant request on August 29, 2008. Because he was not in custody, in any sense, at the time of filing his petition, federal habeas corpus relief is unavailable. See Chaker v. Crogan, 428 F.3d 1215 (9th Cir. 2005); Fowler v. Sacramento County Sheriff's Dept., 421 F.3d 1027 (9th Cir. 2005); Dow v. Circuit Court of First Circuit Through Huddy, 995 F.2d 922 (9th Cir. 1993).

Alternatively, although the court may construe petitioner's request as a request for a writ of coram nobis, he has not shown that this extraordinary remedy should be granted. Coram nobis relief may be granted where the petitioner has shown that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. Reidl, 496 F.3d 1003, 1006 (9th Cir. 2007). None of these factors appear to be present in the instant case.

Accordingly, petitioner's motion for extraordinary relief (Doc. No. 66) is DENIED.

IT IS SO ORDERED.

DATED: April 3, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT